**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH C. EMARTHLE,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 98-5068
(D.C. No. 97-CV-37-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Elizabeth Emarthle appeals from the district court's order affirming the Commissioner's decision denying her application for supplemental security income. Plaintiff filed a claim for supplemental security income in September 1994, alleging disability due to high blood pressure, borderline diabetes, depression and anxiety.[1]

The administrative law judge (ALJ) analyzed plaintiff's claim under the five-part sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps). The ALJ held an administrative hearing at which a medical consultant and a vocational expert (VE) testified. Following the hearing, the ALJ determined that plaintiff's depression and generalized anxiety disorder constituted a "severe impairment" but did not, either singly or in combination with other impairments meet or equal any listed impairment. See 20 C.F.R. pt. 404, subpt. P, app. 1. At step four, the ALJ determined that plaintiff had no "past relevant work" as defined in 20 C.F.R. §§ 416.965 and 416.972. The ALJ finally concluded, at step five, that, considering the type of work plaintiff was functionally capable of performing in combination with her age, education and work experience, she could be expected

---

[1]   A previous agency determination finding plaintiff not disabled was not pursued on appeal. The ALJ determined that no reason existed to reopen the earlier application and that the earlier denial was res judicata as to the issue of disability before December 6, 1993.   Plaintiff does not contest this determination.

to make a vocational adjustment to work that exists in significant numbers in the regional and national economy.

On appeal, plaintiff argues that the ALJ erred (1) in finding that plaintiff could perform work at all exertional levels; (2) in ignoring a March 1995 assessment of plaintiff's mental condition; (3) in relying upon the absence of evidence to support his findings; and (4)     in relying on vocational expert testimony elicited by an incomplete hypothetical question.  In a detailed and thoughtful opinion, the magistrate judge addressed plaintiff's issues, rejected her arguments, and affirmed the decision of the Commissioner.  We have reviewed the record as a whole to determine whether the Commissioner's findings are supported by substantial evidence and whether he applied the correct legal standards.  See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

As to the first claim of error, the VE listed numerous jobs plaintiff could perform having only light and sedentary exertional demands.  Thus, we agree with the magistrate judge that, assuming for the sake of argument that the ALJ made an erroneous finding that plaintiff could perform work with medium exertional demands, substantial evidence still supports the ALJ's conclusion that plaintiff could perform a significant number of jobs in the sedentary and light categories.

Plaintiff next claims the ALJ erroneously discounted, without discussion, the global assessment of functioning (GAF) [2] done by psychiatrists in March 1995 when she went to a hospital claiming she wanted to kill herself and was put under court-ordered hospitalization. Although the ALJ did not expressly discuss the March 1995 GAF scores in his final written decision, it is clear that he considered and evaluated these assessments. At the administrative hearing, the ALJ questioned the medical consultant about the difference between plaintiff's low GAF scores in March 1995 compared to her other assessments showing significantly higher GAF scores. The medical consultant testified he discounted plaintiff's low March 1995 GAF scores because plaintiff was acutely intoxicated at the time and the assessments were not done by board certified psychiatrists. The ALJ indicated in his written decision that he had examined the entire record. Because it is clear from the record that the ALJ considered the March 1995 GAF scores, we find no error. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir.

---

[2] A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 30. The GAF score is taken from the GAF scale which "is to be rated with respect only to psychological, social, and occupational functioning." Id. The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). Id. at 32.

1996) (requiring ALJ to consider, but not specifically discuss, each piece of evidence).

Contrary to plaintiff's next assertion, this is not a case in which the ALJ relied on "the absence of evidence" to make his determination as to plaintiff's residual functional capacity (RFC). See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). Plaintiff testified that she could lift thirty pounds, that she spends three hours a day walking and she does her own housework and laundry. Moreover, the record contains numerous RFC and Psychiatric Review Technique (PRT) assessments, as fully detailed in the magistrate judge's order. Therefore, the record demonstrates that ample evidence supports the ALJ's assessment of plaintiff's RFC.

Finally, plaintiff claims that the ALJ failed to include all of plaintiff's limitations in his hypothetical question posed to the VE. The only allegation that plaintiff raised under the rubric of this argument before the magistrate judge was that the ALJ erred in failing to include plaintiff's March GAF scores in his hypothetical question. We have already concluded that the ALJ did consider all of the medical evidence, and our review of the record indicates that the ALJ's questions to the VE included the limitations that he found were supported by the record. Accordingly, the testimony of the VE provided substantial evidence of a significant number of jobs in the national economy that claimant could perform.

See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record). On appeal, plaintiff expands upon her general claim that the hypothetical question did not include all of her limitations, arguing for the first time that the hypothetical failed to include the limitations listed in the PRT form. Because our scope of review is limited to those arguments properly preserved and presented in the district court, this argument, raised for the first time on appeal, is deemed waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED for substantially the same reasons stated in the order of the magistrate judge.

Entered for the Court

Bobby R. Baldock
Circuit Judge