**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROY DWANE SHARPNACK,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

  Defendant-Appellee.

No. 98-7180
(D.C. No. CV-97-516)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Roy Dwane Sharpnack appeals the district court's affirmance of the final decision by the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. As the Commissioner's decision is supported by substantial evidence, we affirm.

Plaintiff filed this second set of applications on December 21, 1994, alleging an inability to work due to breathing problems, aortic valve replacement, decreased vision, right hand numbness, and mental retardation. After a hearing, an administrative law judge (ALJ) found that although plaintiff could not return to his former work, he retained the ability to perform a significant number of jobs in the national economy and thus was not disabled. The district court affirmed, and this appeal followed.

We review the agency's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff argues first that the ALJ erred in his step three analysis. Citing Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996), he argues the ALJ should have considered expressly whether plaintiff's May 1990 spirometry test results met the first prong of the pulmonary listing, 20 C.F.R., Part 404, Subpt. P. App. 1, 3.02(A), and if so, whether the impairment met the 12-month duration requirement. Although the ALJ's step three analysis could have been clearer, the decision contains sufficient findings and an adequate discussion of the evidence to permit us to review the conclusion that plaintiff's condition did not meet or equal the pulmonary listing. See Clifton, 79 F.3d at 1009.

On May 1, 1990, plaintiff underwent a spirometry test that showed severely restricted pulmonary function. He also showed signs of cardiac insufficiency, and was diagnosed with congestive heart failure. His physician expressly noted that the May 1990 abnormal pulmonary function test could not be assessed until the cardiac component was addressed. See Appellant's App. at 310. Plaintiff was diagnosed with aortic stenosis and underwent valve replacement surgery.

In June 1990, plaintiff's treating physician noted that he no longer showed signs of congestive heart failure, his lungs were clear, and he could walk a mile without shortness of breath, cough, or production of sputum. See id. at 307. Thereafter, the treating physician's notes indicated that plaintiff's respiratory condition had improved significantly, see id. at 303 (September 1990 - patient

reports respiratory status good, no cough or sputum, lungs clear); at 300 (March 1991 - occasional episodes of severe shortness of breath that are self-limited and quite brief, no cough or sputum, spirometry test shows "pulmonary dysfunction is of a very mild degree"); at 294 (March 1992 - occasional episodes of congestion with wheezing and coughing, shortness of breath comes and goes, lungs clear, spirometry test shows moderate obstructive deficit, patient given inhaler); at 288 (July 1993 - x-ray shows lungs are free of infiltrates or masses, no evidence of active pulmonary disease); at 286 (November 1993 - mild chronic obstructive pulmonary disease, occasional use of inhaler, x-ray shows no infiltrates or masses); at 279 (November 1994 - patient uses inhaler on as-needed basis, no cough or sputum, minimal shortness of breath upon exertion, lungs clear, x-rays show no infiltrates or masses); at 276 (May 1995 - moderate shortness of breath on exertion, mild cough, lungs clear, x-ray shows no infiltrates or masses).

Based on this evidence, the ALJ found plaintiff's condition did not meet or equal the pulmonary listing. He noted medical evidence documenting a history of "chronic pulmonary insufficiency," which is the title of the listing under consideration, but noted that plaintiff's subsequent pulmonary function test in March 1991 showed no significant deficit, and that his August 1991 test showed only a moderate obstructive deficit. Id. at 16. He noted also that plaintiff's physician was treating him for "mild chronic obstructive pulmonary disease,"

-4-

and that plaintiff needed to use his inhaler "only occasionally." Id. Finally, even if we assume the May 1990 test demonstrated a pulmonary impairment that met the listing, the ALJ made the durational analysis which plaintiff claims is missing, finding after reviewing the entire record, that "there has been no continuous period of at least 12 months since April 27, 1990, during which the claimant lacked the residual functional capacity for light work activity, with [clean air environment and simple task] nonexertional limitations." Id. at 19. We conclude the ALJ's analysis is sufficient under Clifton to permit judicial review, and thus a remand is not required.

Plaintiff's second issue is without merit because it is clear that the limitations imposed by his shortness of breath and reduced energy were both considered by the ALJ and presented to the vocational expert. In the decision, the ALJ expressly found that plaintiff had been "subject to a degree of shortness of breath and reduced energy," and explained that "the residual functional capacity was, accordingly, reduced to accommodate these limitations." Id. We do not consider plaintiff's argument regarding the minimal GED requirements for the jobs identified by the vocational expert as this argument was not presented to the district court. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge