**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GENE RIDDLE,

      Plaintiff-Appellant,

v.

WILLIAM A. HALTER,  * Acting
Commissioner of Social Security,

      Defendant-Appellee.

No. 00-7043
(D.C. No. 99-CV-11-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  **

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      On January 20, 2001, William A. Halter became the Acting Commissioner
of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Halter is substituted for Kenneth S. Apfel as the
appellee in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Gene Riddle appeals the district court's judgment affirming the Commissioner's decision rejecting Mr. Riddle's claim for Social Security disability benefits. We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether he applied correct legal standards. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

Mr. Riddle applied for disability benefits in November 1995 alleging disability due to neck and back pain. Applying the five-part sequential process for determining disability, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), the administrative law judge found that Mr. Riddle's neck and back pain precluded him from performing his past relevant work as a forklift driver, but that he retained the ability to perform a full range of light work and was therefore not disabled. On appeal, Mr. Riddle challenges the ALJ's decision only as it concerns step three of the sequential analysis, the determination of whether Mr. Riddle met a listed impairment under 20 C.F.R. Pt. 404, Subpt. P., App. 1. Specifically, he contends that (1) the ALJ failed to discuss the evidence or reasons for determining he was not disabled at step three, as he contends is

required by *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), and (2) he met the requirements of impairment listing 1.05C for vertebrogenic disorders.

While we agree that the ALJ could have done a better job discussing the evidence, *see Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000), we conclude that the ALJ's analysis provides significant substance for our review, which is what *Clifton* requires. As to the substantive issue of whether Mr. Riddle's impairments met the requirements of listing 1.05, an individual is considered disabled under this listing, which generally covers disorders of the spine, if he or she meets the following criteria:

> C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
>
> 1. Pain, muscle spasm and significant limitation of motion in the spine; and
>
> 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.05C. Mr. Riddle has the burden at step three of demonstrating, through medical evidence, that his impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

In arguing that his impairments with respect to his lumbar spine meet listing 1.05C, Mr. Riddle relies almost entirely on two pieces of medical

evidence: reports from examinations by the Commissioner's consultative physician, Dr. Taylor, on April 5, 1994, and February 21, 1996. The earlier report indicated Mr. Riddle had severe degenerative joint disease or herniated nucleus puplosus of both the cervical and lumbar spines and the later report indicated there was a "question" of herniated nucleus puplosus, without indicating where. Both reports indicated that he suffered from low back pain, muscle spasm, limited range of motion, and sensory loss. However, none of the other medical reports in the record, including those from Mr. Riddle's treating physicians, associated any muscle spasm, limited range of motion, or sensory loss with his lumbar spine. Additionally, there is no diagnosis of radiculopathy with significant motor loss in his lower extremities. Generally, while his treating physicians have reported that he suffers from low back pain, they have not indicated that his back problems are particularly severe. In July 1997, he was assessed as needing extensive education in body mechanics and as benefitting from stretching and strengthening the lower back. Thus, we conclude the ALJ considered the pertinent evidence and his determination that Mr. Riddle did not meet the requirements of listing 1.05C is supported by substantial evidence.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge