**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELLA L. NASH,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 99-7109
(D.C. No. 98-CV-561-BU)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff-appellant Ella L. Nash appeals from the district court's order

affirming the decision of the Commissioner of Social Security which found

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

her ineligible for disability insurance benefits and supplemental security income benefits. We affirm after "closely examin[ing] the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards." Evans v. Chater, 55 F.3d 530, 531 (10th Cir. 1995).

Ms. Nash claims disability since December 23, 1993, due to morbid obesity, back pain, numbness and pain in her legs and feet, varicose veins, swollen feet, and edema. In denying Ms. Nash's application for benefits, the administrative law judge (ALJ) followed the established five-step evaluation process. See 20 C.F.R. § 404.1520 (disability insurance); 20 C.F.R. § 416.920 (supplemental security income); Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (generally describing the five-step analysis). The ALJ found that Ms. Nash (1) was not performing substantial gainful activity, (2) had severe impairments, (3) did not, however, have a listed impairment, and (4) was unable to perform her past relevant work as a grill cook. At step five, the ALJ found that Ms. Nash had the residual functional capacity (RFC) to perform a full range of sedentary work. Application of the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 201.18 (the grids), directed a finding of not disabled.

The district court affirmed the denial of benefits. On appeal, Ms. Nash argues that the ALJ conducted an improper evaluation of her impairment under the listing for obesity, 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.09. She also asserts that ALJ's analysis of her RFC was conclusory and legally insufficient. Before turning to the arguments made by Ms. Nash, however, we address the Commissioner's contention that we must limit our consideration of Ms. Nash's argument concerning the obesity listing.

**Threshold Issues Raised by Commissioner**

The Commissioner proposes two restraints on our evaluation of this appeal. First, he asserts that Ms. Nash waived her claims under two subsections of the obesity listing, § 9.09A and B, by mentioning only one subsection, § 9.09D, at the Appeals Council level. See Appellee's Br. at 6-9. In James v. Chater, 96 F.3d 1341, 1343 (10th Cir. 1996), we stated that "issues not brought to the attention of the Appeals Council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review." The application of the waiver doctrine is discretionary. See Sussman v. Patterson, 108 F.3d 1206, 1210 (10th Cir. 1997). We note that the Supreme Court has granted certiorari on the issue of whether a federal court may impose an issue exhaustion requirement upon social security claimants barring issues that were not specifically raised by the claimant during the administrative process. See Sims v.

-3-

Apfel, 162 F.3d 1160 (5th Cir. 1998),  cert. granted , 68 U.S.L.W. 3345 (U.S. Nov. 29, 1999) (No. 98-9537).  Under these circumstances,  we exercise our discretion to consider Ms. Nash's additional arguments under the obesity listing.

The Commissioner's next contention is that we may not grant benefits to Ms. Nash under listing 9.09, the obesity listing, no matter how we resolve her issues on appeal.  See Appellee's Br. at 14-16.  As the Commissioner points out, the listing has been deleted and replaced with more restrictive guidance "about the evaluation of claims for benefits involving obesity to the prefaces of [revised] musculoskeletal, respiratory, and cardiovascular body system listings."  Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria , 64 Fed. Reg. 46122, 46123 (1999).  The change became effective on October 25, 1999,  see id. at 46122, while the present case was on appeal in this court.  The  Revised Medical Criteria  state that the deletion is to have "only a prospective effect,"  id. at 46126, without affecting individuals previously found disabled under the listing,  see id.  The Commissioner argues that "[t]aken together," these statements mean that pending claims, even claims on judicial review, should be "evaluated in accordance with the revised Listing regulations." Appellee's Br. at 16.  We disagree with this interpretation and position.

-4-

"Retroactivity is not favored in the law." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988). [1] A rule changing the law is retroactively applied only if Congress expressly authorized retroactive rulemaking and the agency clearly intended the rule to have retroactive effect. See id. The Commissioner has not satisfied this standard. In particular, he has not shown an intention to apply the 1999 deletion retroactively to a claimant who was erroneously denied benefits under the earlier listing, even though a claimant who was granted benefits may continue to receive them. Without a more specific statement of intent, we will not conclude that the agency intended this perverse result. [2]

**Issues Raised by Ms. Nash**

Ms. Nash argues that the ALJ failed to adhere to applicable legal standards in determining that her impairment did not meet or equal the listing for obesity in effect at the time of the hearing. The listing, § 9.09, required a claimant to meet

---

[1] A common definition of the term "retroactive" is that it extends a statute or ruling "in scope or effect to matters that have occurred in the past." Black's Law Dictionary 1318 (7th ed. 1999).

[2] The Commissioner suggests that we give deference to the position taken in his appellate brief. Like the Supreme Court, we "decline[] to give deference to an agency counsel's interpretation of a statute where the agency itself has articulated no position on the question, on the ground that 'Congress has delegated to the administrative official and not to appellate counsel the responsibility for elaborating and enforcing statutory commands.'" Bowen, 488 U.S. at 212 (quoting Investment Co. Inst. v. Camp, 401 U.S. 617, 628 (1971)).

certain weight and height standards and also one of five additional requirements. [3]

It is not disputed that the combination of Ms. Nash's height and weight satisfies the initial standard. The question is whether she meets any other specifications of the listing. Ms. Nash argues that, properly evaluated, she showed the history of pain and limitation required by § 9.09A; hypertension required by § 9.09B; and chronic venous insufficiency required by § 9.09D.

A review of the medical evidence of record shows that Ms. Nash did not demonstrate any of these required conditions. The record contains "no findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine," a requirement of § 9.09A. Similarly, a review of the many blood pressure readings in the record shows that Ms. Nash's diastolic blood

---

[3] The additional requirements are:

A. History of pain and limitation of motion in any weight-bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight-bearing joint, or spine;

B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg;

C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema;

D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight-bearing and persistent edema; or

E. Respiratory disease with total forced vital capacity equal to or less than the value specified in Table III-A or III-B or III-C.

pressure was not persistently in excess of the 100 reading, and, in fact, only one reading reached that figure. Therefore, the record provides no indication that Ms. Nash could have satisfied § 9.09B. Moreover, despite the consultative examiner's comment that she had "minimal varicose veins on left lower leg on lateral knee," Appellant's App., Vol. 2 at 137, there is no evidence of chronic venous insufficiency or persistent edema. The ALJ's decision reflects adequate consideration of the evidence relevant to § 9.09D.

Contrary to Ms. Nash's contentions, there was no need for the ALJ's decision to analyze her condition under either § 9.09A or B or provide a more extensive discussion under § 9.09D. The ALJ is "required to discuss the evidence and explain why he found that appellant was not disabled at step three." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). He need not, however, discuss every piece of evidence. See id. at 1009-10. The ALJ performed a proper step three analysis and his determination that Ms. Nash did not have a listed impairment is supported by substantial evidence.

Finally, Ms. Nash challenges the ALJ's determination that she had the RFC to perform the full range of sedentary work as conclusory and without factual support. The ALJ's RFC determination, however, flows from the medical evidence in the record as well as from his assessment of Ms. Nash's impairments. The ALJ noted that a non-examining physician opined that Ms. Nash's "ability to

do work-related activities is unimpaired as to sitting, standing, moving about, lifting, carrying, handling objects, hearing, speaking and traveling." Appellant's App., Vol. 2 at 138. The ALJ also listed Ms. Nash's daily activities, which included part-time work in a restaurant, washing clothes, very light housework, and driving to and from work, the store, and the laundromat.

This is not a case in which the ALJ relied on "the absence of evidence" to make his RFC determination. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). Ample evidence supports the assessment of Ms. Nash's RFC.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge
