**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GAYLEN MERIWETHER, co-trustee
for the Faris William Gore Living
Irrevocable Trust,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 99-3361
(D.C. No. 98-CV-2172-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Gaylen Meriwether's father, Faris Gore, disappeared on July 2, 1987. The Social Security Administration continued to send benefit checks to Mr. Gore's address for several years after his disappearance. Ms. Meriwether, as the co-trustee of her father's property, received the checks and arranged for them to be deposited in a bank account. Upon learning of Mr. Gore's disappearance, the Commissioner instituted proceedings to recover over $55,000 in retirement benefits. The ALJ determined that the date of Mr. Gore's disappearance was also most likely the date of his death. The district court affirmed that conclusion. Ms. Meriwether appeals, and we affirm.

The sole issue on appeal is whether the district court was correct in agreeing with the Commissioner's conclusion that Mr. Gore's date of death was July 2, 1987. Our review on appeal is limited to determining whether substantial evidence supports the decision of the Commissioner and whether the proper legal standards were applied. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). We have reviewed the briefs of the parties, the applicable law, and the record in this case and affirm for substantially the reasons stated by the district court.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge