**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**FEB 1 2001**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

MARILYN KOSTZUTA,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 00-6017
(D.C. No. 99-CV-497-M)
(W.D. Okla.)

ORDER AND JUDGMENT   *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

Marilyn Kostzuta appeals from an order of the district court       granting the

Commissioner's motion to remand this case to the agency for further proceedings.

Because  the remand to the Commissioner was pursuant to sentence four       of 42

U.S.C.  § 405(g), the order was final and appealable, and we have jurisdiction to

---

\*      The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

consider this appeal. See Sullivan v. Finkelstein, 496 U.S. 617, 629 (1990). We now affirm.

We review the district court's decision on a motion to remand for abuse of discretion. See Wainwright v. Sec'y of Health & Human Servs., 939 F.2d 680, 682 (9th Cir. 1991).

Kostzuta alleged disability as of August 1995 due to shoulder pain and frequent seizures. An administrative law judge ("ALJ") determined that Kostzuta could perform a full range of light work. On Kostzuta's appeal to the district court, the Commissioner requested a remand for the ALJ to reevaluate the severity of Kostzuta's impairments in accordance with 20 C.F.R. §§ 404.1520a, 416.920a. The district court granted the motion.

In this appeal, Kostzuta argues that the district court should not have ordered a remand, but instead should have awarded immediate benefits on the ground that Kostzuta's impairments make her disabled at step three of the five-step sequential evaluation process. See 20 C.F.R. 404.1520; Clifton v. Chater, 79 F.3d 1007, 1008-09 (10th Cir. 1996).

The Commissioner's motion before the district court suggests, and the record confirms, that the ALJ did not properly evaluate Kostzuta's condition. It would be inappropriate for us to usurp the role of the fact finder by determining whether Kostzuta should be awarded benefits. See Clifton, 79 F.3d

at 1009 ("[T]his Court should not properly engage in the task of weighing evidence in cases before the Social Security Administration.").  Further, the ALJ may determine it is necessary to obtain additional evidence on remand.  We cannot say that the district court abused its discretion in granting the Commissioner's motion.   See Clifton , 79 F.3d at 1009-10 (remanding for additional proceedings at step three because the ALJ failed to discuss the evidence and explain why the claimant was not disabled).

The judgment of the district court is AFFIRMED.  Kostzuta's motion to dismiss this appeal because the Commissioner did not file a timely answer brief is DENIED.  See 10th Cir. R.  27.2(C) (permitting suspension of briefing schedule while challenge to appellate jurisdiction is pending).

Entered for the Court

Carlos F. Lucero
Circuit Judge