**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BARBARA A. MALAKOWSKY,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 02-7066
(D.C. No. 01-CV-408-P)
(E.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Barbara Malakowsky appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We reverse and remand for further proceedings.

Claimant applied for disability benefits in December 1999, alleging disability since October 13, 1999, due to foot injury, bilateral wrist and elbow injuries, osteoporosis, and low back and neck pain.[1] After an administrative hearing at which a vocational expert (VE) testified, an administrative law judge (ALJ) ruled against claimant on January 25, 2001. The ALJ found, at step four of the five-part sequential evaluation process for determining disability, that claimant was not disabled because she retained the residual functional capacity (RFC) to perform both sedentary and light work and could, therefore, return to her past relevant work as a dispatcher, court clerk, or dental assistant. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five-step sequential process for determining disability).

On appeal, claimant first challenges the ALJ's determination, at step three of the sequential analysis, that she did not meet a listed impairment under 20 C.F.R. Pt. 404, Subpt. P., App. 1. Specifically, she contends that she met

---

[1] Plaintiff's insured status expired October 13, 1999; thus, she must show she was totally disabled prior to that date. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993) (holding that claimant must show she was disabled prior to expiration of insured status).

the requirements of impairment Listing 1.05(C) for vertebrogenic disorders, 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.05(C) (2001) and Listing 11.14 for peripheral neuropathies, *id.* § 11.14 (2002), and that the ALJ failed to discuss the evidence or reasons for determining she did not meet or equal these listings, as required by *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). We agree.

In *Clifton*, this court reversed the district court and remanded the case for additional proceedings when the ALJ made "such a bare conclusion" that it was effectively "beyond meaningful judicial review." *Id*. Our decision was based on the fact that "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment." *Id*. The ALJ made precisely the same error in this case. He did not specify the listings he reviewed, the evidence he considered or the reasons for his step-three determination.

The government acknowledges a remand is warranted when the ALJ fails to discuss the evidence or provide reasons for determining a claimant does not meet or equal a listed impairment. It argues, however, that the record evidence in this case demonstrates the claimant's condition did not meet or equal any listed impairment. This argument is unavailing. The ALJ is charged with carefully considering all the relevant evidence and linking his findings to specific evidence.

*Id*. at 1009-10 (holding the "record must demonstrate that the ALJ considered all of the evidence," and the ALJ must "discuss[ ] the evidence supporting his decision, . . . the uncontroverted evidence he chooses not to rely upon, [and] significantly probative evidence he rejects"). When, as here, an ALJ does not provide any explanation for rejecting medical evidence, we are "left to speculate what specific evidence led the ALJ to [his conclusion]," *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), and, thus, we cannot meaningfully review the ALJ's determination, *see Clifton*, 79 F.3d at 1009. Although we review the ALJ's decision for substantial evidence, "we are not in a position to draw factual conclusions on behalf of the ALJ." *Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991).

Claimant next contends that, at step four, the ALJ erred in his determination that her complaints of disabling pain were not credible. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler*, 68 F.3d at 391 (internal citations and quotations omitted). Nonetheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted); *see also Kepler*, 68 F.3d at 391. According to Social Security Ruling 96-7p, 1996 WL 374186

-4-

(July 2, 1996), which applies to the ALJ's evaluation of an applicant's description of symptoms, the evaluation must contain "specific reasons" for a credibility finding; the ALJ may not simply "recite the factors that are described in the regulations." *Id*. at *4. "Standard boilerplate language will not suffice." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Without an adequate explanation, neither the claimant nor subsequent reviewers will have a fair sense of how the claimant's testimony was weighed. *Id*.

We agree with claimant that the ALJ provided insufficient reasons for discounting her testimony of disabling pain. The ALJ's primary explanation for rejecting claimant's testimony was his conclusory finding that there was minimal objective evidence to support claimant's allegations and that the medical evidence was not consistent with an impairment that might reasonably limit claimant's activities. The ALJ did not link this credibility determination to substantial evidence, failing to point to specific evidence in the record contradicting or undermining claimant's assertions. *See Kepler*, 68 F.3d at 391 (holding that ALJ's analysis of credibility of subjective complaints is inadequate if ALJ merely states conclusion that pain is not disabling without making express findings with reference to relevant evidence). Although the ALJ characterized the inconsistencies between claimant's testimony and the medical evidence as "marked," he failed to identify any such inconsistency.

The ALJ did recite some of the factors he was required to consider with regard to claimant's allegations of pain. *See Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987) (listing factors that ALJ should consider when determining the credibility of subjective claims of pain). He failed, however, to connect any of the factors he recited to any evidence in the record. He simply summarized the factors he considered, and concluded claimant's allegations were not credible. This is precisely the procedure condemned in *Kepler*, 68 F.3d at 390-91. The ALJ further failed to discuss the uncontroverted evidence supporting claimant's allegations upon which he chose not to rely. *See Clifton*, 79 F.3d at 1009-10. Our review of the medical record reveals numerous instances in which claimant complained to medical personnel about her pain, had to be anesthetized in order for medical personnel to manipulate her foot, and sought pain relief at a pain management clinic. *See* Appellant's App. at 117 (pain and stiffness in the back, cramping pain in foot, intermittent numbness); 125 (lower back pain); 126 (radicular pain in right hip and right foot); 129 (back pain, radicular pain to buttock and to right foot); 136 (occasional neck pain); 230 (pain; had to stop every thirty minutes on four-hour drive home); 232 (foot pain, shoulders hurting); 234 (shoulder soreness, neck pain); 235 (low back pain; had to stop a lot during four-hour drive to physical therapy); 236 (reports pain as four on a scale of ten); 247 (pain in shoulder); 250 (increased pain in shoulder);

260 (neck pain that radiated to her left shoulder; pain on left side of neck with muscle spasms); 262 (neck pain); 272 (neck and ear pain); 281 (chronic pain of right foot); 286 (can only undergo physical therapy with pain medication); 287-88 (range of motion performed with significant effort, as if patient is fearful of pain; chronic pain in back and right leg); 313 (required epidural anesthesia for physical therapy); 315 (gradual onset of worsening foot and low back pain; pulsing sensation in right foot with shooting pain in right back; unable to stay on feet or sit for very long; pain radiates into back and hip region with sharp, grabbing sensation; pain severe in neck; pain constant in intensity). The ALJ rejected claimant's allegations of pain based in part upon his observation that he saw no outward signs of physical limitations. His observation appears directly contrary to medical evidence in the record that claimant has a club foot deformity, osteoporosis, muscle atrophy, and muscle weakness. *Id*. at 117 (inturning foot, mild leg atrophy, peroneal neuropathy with slowing of peroneal nerve); 125 (right foot deformity); 127 (varus deformity at hind foot and severe achilles tendon tightening); 129 (limited range of foot motion); 260 (muscle spasms, degenerative changes of the cervical spine); 266 (osteoporosis); 272-73 (club foot type deformity of right foot, chronic cervical strain); 284 (mid-foot deformity); 286 (osteoporosis, club foot); 294 (painful contracture of tibialis posterior); 296 (osteoporosis); 320 (ankle spasm).

In summary, the ALJ failed to closely and affirmatively link his findings concerning claimant's allegations of pain to substantial evidence. *See Kepler*, 68 F.3d at 391. If this case proceeds to step four on remand, the ALJ shall link any credibility findings he makes regarding claimant's subjective complaints of disabling pain to specific and substantial evidence in the record.

Finally, claimant contends that the ALJ failed to make the required analysis at step four of the five-step analysis. Step four of the sequential analysis is comprised of three phases. "In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], . . . and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*. The ALJ must make specific findings on the record at each of these phases, and those findings must be supported by substantial evidence. *See id*.

The ALJ concluded that claimant could perform a wide range of light work and could therefore return to her past relevant work, because she did not have additional limiting factors. Under the regulations, a determination that a claimant can perform light work generally means that he or she can also perform sedentary work "unless there are additional limiting factors such as loss of fine dexterity or

inability to sit for long periods of time." 20 C.F.R. § 404.1567(b). Claimant contends that, in the first phase of the step-four analysis, the ALJ erred in concluding she did not have limiting factors such as a loss of fine dexterity or inability to sit for six hours. She further contends that, in the second phase, the ALJ failed to compare her RFC with the specific demands of her past relevant work, as required by Social Security Ruling 82-62, 1982 WL 31386.

Because additional proceedings will now ensue on remand that may result in resolution at step three of the sequential analysis or effect the analysis of claimant's RFC, we decline to address claimant's allegations of specific errors in the ALJ's step-four analysis. We note, however, that the ALJ did fail to discuss any of the evidence in the record indicating that claimant's fine dexterity was limited as a result of her bilateral carpal tunnel and bilateral cubital tunnel surgeries. On remand, if the analysis proceeds to step four, the ALJ will need to make specific findings on the record about possible limiting factors. Further, for the ALJ to conclude validly that claimant can return to her past relevant work, the ALJ is required to make specific findings concerning: (1) claimant's RFC; (2) the functional demands of each of plaintiff's past jobs; and (3) plaintiff's ability to return to these past jobs with the RFC the ALJ determines the claimant to have. *See Winfrey* , 92 F.3d at 1023.

We REVERSE the decision of the district court and REMAND with instructions that the district court remand the case to the Commissioner for the purpose of making findings consistent with this decision.

Entered for the Court


Michael R. Murphy
Circuit Judge