**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HAROLD COLBERT,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 03-6128
(D.C. No. 01-CV-1766-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Harold Colbert appeals from the district court 's affirmance of the decision of the Social Security Administration denying disability benefits for his claimed pain in his back, hips, and knees; swelling in his legs; high blood pressure; hearing loss; and nervousness. "Our review is limited to determining whether the agency's findings are supported by substantial evidence and whether the correct legal standards were applied." *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000). In light of these standards, and after a thorough review of the record on appeal, we affirm.

In order to determine whether a claimant is disabled under the Social Security Act, the agency applies a five-step process. *See* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing steps in detail). Here, the administrative law judge (ALJ) reached step five, where the burden is on the agency to show that claimant retains the RFC to perform work that exists in the national economy. *See Miller v. Chater*, 99 F.3d 972, 975 (10th Cir. 1996).

Following a hearing, the ALJ determined that Mr. Colbert was severely impaired by osteoarthritis of the hips and knees and also by a sensorineural hearing loss, that his conditions do not meet or equal a listed impairment, and that Mr. Colbert could not perform his past relevant work as a warehouseman. Finally, the ALJ concluded that Mr. Colbert retained the residual functional

-2-

capacity to perform a limited range of light work, with nonexertional limitations as to concentration, climbing, kneeling, crouching, and working in exposure to heights or noise. Given these limitations, and based on testimony from a vocational expert, the ALJ concluded that Mr. Colbert could perform several jobs which exist in significant numbers in the national economy. Consequently, the ALJ determined that Mr. Colbert was not disabled as defined in the Social Security Act and regulations.

On appeal, Mr. Colbert's main contention is that the ALJ committed legal error in failing to discuss the medical evidence as required by *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996). Under *Clifton*, "[t]he record must demonstrate that the ALJ considered all of the evidence," and the ALJ must "'discuss[] the evidence supporting his decision, . . . the uncontroverted evidence he chooses not to rely upon, [and] significantly probative evidence he rejects." *Id.* at 1009-10. The ALJ, however, need not discuss every piece of evidence. *Id.*

Contrary to Mr. Colbert's contentions, the ALJ's discussion of the medical evidence is legally sufficient. Though the decision is terse, it demonstrates a meaningful analysis of the full medical record and Mr. Colbert's testimony. In the decision, the ALJ recognizes Mr. Colbert's medically determinable impairments. He notes that Mr. Colbert suffers from high blood pressure but finds that this condition does not restrict his ability to work. He further

comments that "[t]here is no objective evidence of any medically determinable back condition." Aplt's App., Vol. 2 at 17.

The decision cites to the exhibits which the ALJ accorded "significant weight," as providing the "best evidence of [claimant's] medical condition," and states that "there is no substantial evidence . . . contrary" to the listed exhibits. *Id.* The specified exhibits included the records of treating physicians and a consulting physician. *See id.* at 91-116 (Ex. 1F, medical records from treating ear, nose, and throat specialist Dale B. Smith, D.O.); 117-27 (Ex. 2F, outpatient records from Duncan Regional Hospital); 141-44 (Ex. 4F, medical records from treating orthopedist Thomas J. Eiser, M.D.); and 145-150 (Ex. 5F, consultative medical evaluation of internist David Seitsinger, D.O.).

Our review of the record bears out the ALJ's conclusion that there is no significant conflict in the evidence: the medical records of treating physicians and consultants demonstrate remarkable agreement. Notwithstanding Mr. Colbert's hyperbole concerning treating physicians' statements about his weight, his eventual need for joint replacement surgery, and the need to avoid running or jogging, the ALJ did not reject any "significantly probative evidence," *Clifton*, 79 F.3d at 1010. Accordingly, there was no such evidence to be discussed. *Id.*

With this consistent evidence as a base, the ALJ adequately explained his determination that Mr. Colbert's osteoarthritis does not meet the "objective findings or loss of function" required to meet the applicable Listing 1.03, concerning arthritis of a major weight-bearing joint. Aplt.'s App., Vol. 2 at 18. Similarly, the ALJ adequately explained his reasons for not fully crediting Mr. Colbert's own description of his condition. He stated that Mr. Colbert's testimony was undercut by a number of considerations, including his medical history and his account of a daily walk and swim. *Id.* at 19.

Although Mr. Colbert couches his argument as a question of law, he is essentially asking us to reweigh the evidence. Of course, we cannot do this. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995). We conclude that the agency applied the correct legal standards and that substantial evidence supports the agency's decision. In light of this conclusion, we need not address Mr. Colbert's complaints about the district court's decision or analysis. The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge