FILED
United States Court of Appeals
Tenth Circuit

July 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT


LILLIAN HUFFMAN, on behalf of
B.H.,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 07-5186
(D.C. No. 4:06-CV-672-SAJ)
(N.D. Okla.)


ORDER AND JUDGMENT[*]


Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.


Lillian Huffman appeals from an opinion and order entered by a United

States Magistrate Judge[1] affirming the decision of the Commissioner of Social

Security (Commissioner) denying childhood disability benefits to her minor child,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The parties consented to the jurisdiction of the magistrate judge.

B.H. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we reverse and remand for an immediate award of benefits.

I

B.H. was born on August 27, 1996. His mother filed for benefits on July 1, 2002, alleging B.H. was disabled as of January 1, 2002, as a result of attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder (ODD). The medical records also contain diagnoses of anxiety, post traumatic stress disorder, a possible learning disability, and possible Asperger's syndrome.

The application was administratively denied, and on November 24, 2003, Ms. Huffman and B.H. appeared at a hearing before an administrative law judge (ALJ). In a May 15, 2004, decision, the ALJ denied benefits, and Ms. Huffman's request for review was denied by the Appeals Council. On appeal to the district court, however, the magistrate judge reversed and remanded the case for further proceedings because the ALJ's decision failed to adequately discuss Ms. Huffman's credibility.

The ALJ conducted a second hearing on September 12, 2006, and denied benefits in a decision dated October 12, 2006. On appeal to the district court, this time the magistrate judge entered an opinion and order affirming the Commissioner's denial of benefits. This appeal followed.

II

"We review the district court's decision *de novo* and therefore must independently determine whether the agency's decision (1) is free of legal error and (2) is supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (quotation marks omitted).

Relevant here, "[a] sequential three-step process guides the Commissioner's determination of whether a child [under age eighteen is disabled]." *Id*. The ALJ determines in the following order, (1) whether the child is engaged in substantial gainful activity, (2) whether the child has an impairment or combination of impairments that is severe, and (3) whether the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. pt. 404. *Id*. (citing 20 C.F.R. § 416.924(a)).

Ms. Huffman claims the ALJ (1) failed to adequately explain why B.H.'s impairments did not meet a listed impairment, (2) erred in finding that his impairments did not functionally meet a listed impairment, and (3) improperly evaluated her credibility. We agree that the ALJ's conclusion at step three of the sequential evaluation process as to whether B.H.'s impairments meet a listing is "a bare conclusion . . . beyond meaningful judicial review," *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), and must be reversed. Because we are

-3-

remanding for an award of benefits instead of further proceedings, we do not address the other contentions of error.

The ALJ concluded that B.H. "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)." Aplt. App. Vol. II at 200. In concluding that the impairments did not meet or equal a listed impairment, the ALJ found "[B.H.'s] medical records do not support a finding that either his ADHD or ODD includes any two of the marked impairments required at paragraph B2 of 112.02 [Organic Mental Disorders]. These are marked impairments in age-appropriate cognitive/communicative functioning, social functioning, and personal functioning." *Id.* Setting aside the fact that paragraph B contains four criteria – not three as stated by the ALJ – "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [B.H.'s] impairments did not meet or equal any [l]isted [i]mpairment . . . ." *Clifton*, 79 F.3d at 1009.

The Commissioner argues that the lack of specific findings concerning whether B.H.'s impairments meet a listed impairment is saved by the ALJ's detailed discussion of the six domains used to measure functional equivalency. We disagree. To meet listing 112.02, the claimant must demonstrate medically documented persistence of at least one of ten symptoms, and marked impairment

in at least two of the following areas: (1) cognitive/communicative functioning; (2) social functioning; (3) personal functioning; or (4) concentration, persistence, or pace. By comparison, an impairment functionally equals a listing if it results in marked limitations in two, or extreme limitations in one of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To be sure, the categories are similar; however, the Commissioner's rules for determining childhood disability claims explain that the six "domains are specifically designed for determining functional equivalence and are completely delinked from the mental disorders and other listings." 65 Fed. Reg. 54746, 54755 (Sept. 11, 2000). And although the argument might have merit if the ALJ had mentioned the four categories in the context of his discussion concerning the six domains used to determine functional equivalency, he did not do so. As such, his determination that B.H.'s impairments did not meet a listing is "beyond meaningful judicial review." *Clifton*, 79 F.3d at 1009.

III

Six years have passed since Ms. Huffman filed for benefits on July 1, 2002. The case has already been reversed and remanded once and our resolution of this appeal would require yet further proceedings. "Whether or not to award benefits is a matter of our discretion." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir.

2006).  "[One] of the relevant factors we consider [is] the length of time the matter has been pending."  *Id.*  Given the lengthy delay that has occurred from the Commissioner's erroneous disposition of the matter, we exercise our discretion to award benefits.

We REVERSE and REMAND this case to the district court with instructions to remand to the Commissioner for an immediate award of benefits.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge