FILED
United States Court of Appeals
Tenth Circuit

July 16, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LJUBIVOJE MILCANOVIC,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

Defendant-Appellee.

No. 13-4163
(D.C. No. 2:12-CV-00501-PMW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **McHUGH**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Ljubivoje Milcanovic is a Serbian refugee who entered the United States in
1998. In March 2005, he was granted supplemental security income (SSI) based on a
combination of mental impairments including depression, obsessive compulsive
disorder, and paranoid schizophrenia. Those benefits ended by operation of law in
December 2005, when his seven-year refugee eligibility status expired.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After becoming a United States citizen, Mr. Milcanovic reapplied for SSI in March 2007, again on the grounds of his mental impairments. Following a November 2008 hearing, the Administrative Law Judge (ALJ) denied the claim. On remand from the Appeals Council, the ALJ conducted a second hearing in May 2010. The claim was again denied in a comprehensive, twenty-eight-page decision. The Appeals Council denied Mr. Milcanovic's request for review and the ALJ's decision became final. The district court affirmed the ALJ's decision. This appeal followed. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

I.

The parties are familiar with the facts and we discuss them only briefly. In 2004, Mr. Milcanovic was hospitalized following a mental breakdown. Following his release, he began treatment at Valley Mental Health (VMH). The record establishes one episode of decomposition in 2004, nearly three years before his alleged disability onset date of February 2007. From 2006 through the date of his last hearing, Mr. Milcanovic lived alone and was able to attend to all aspects of independent living. The record also demonstrates steady improvement of his paranoid schizophrenia as a result of medications.

Mr. Milcanovic argues the ALJ failed to (1) analyze whether his paranoid schizophrenia meets or equals the Listing under § 12.03(C)(2); (2) consider whether he could hold any of the jobs the ALJ found he could perform; and (3) properly assess his credibility.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted). In other words, "[w]e consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Id.* (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,] [and] requires more than a scintilla, but less than a preponderance." *Id.* (internal quotation marks omitted).

## II.

"At step three [of the five-step sequential evaluation process], the ALJ determines whether the claimant's impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (internal quotation marks omitted). Under the "C" criteria of § 12.03, a claimant is "disabled" under three potential scenarios. In particular, under § 12.03(C)(2), a claimant is disabled where the "residual disease process [of his schizophrenia is such] that even a minimal increase in mental demands or change in the environment would be predicted to cause the [claimant] to decompensate." 20 C.F.R. Pt. 404, Subpart P, App. 1. Although the ALJ found that the evidence did not establish the presence of

the "C" criteria, Mr. Milcanovic insists the ALJ's failure to specifically mention subsection (2) means that he did not consider it. We disagree.

We acknowledge the requirement at step three for the ALJ "to discuss the evidence and explain why he found [the claimant] was not disabled." *Clifton*, 79 F.3d at 1009. The reason for this requirement is anchored to the standard of review, which requires this court to determine, among other things, whether the Commissioner's "factual findings are supported by substantial evidence." *Id*. "In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [claimant's] impairments did not meet or equal any Listed Impairment." *Id*. To this end, "[t]he record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Id*. at 1009-10.

The ALJ stated he considered "all the medical evidence," and found Mr. Milcanovic "does not meet or equal the criteria set forth under Section 12.03." Admin. R. Vol. I at 16. In support of this finding, the ALJ cited the opinions of three state agency medical professionals who opined "the evidence did not establish the presence of the 'C' criteria." *Id*. at 14. Next, the ALJ made detailed findings concerning Mr. Milcanovic, including (1) the severity of his schizophrenia; (2) his ability to live independently; (3) his personal hygiene; (4) his social abilities; (5) his attendance at classes and work; and (6) the lack of any recent episodes of decomposition. Last, the ALJ provided a detailed assessment of the opinions of

Adam Capel and Ludmil Manov, and explained why he afforded them "little weight." *Id*. at 17, 20.

Mr. Capel, a social worker at VMH, treated Mr. Milcanovic for a six-month period in 2005. In May 2008, nearly three years after he last saw Mr. Milcanovic, he assessed him with several extreme mental limitations. Although we find nothing in the record where Mr. Capel opined specifically that an increase in mental demands or change in the environment would cause Mr. Milcanovic to decompensate, to the extent his assessment can be read to suggest such an opinion, the ALJ more than adequately explained the reason for discounting his ratings. In particular, the ALJ noted since Mr. Capel last saw him, Mr. Milcanovic obtained work at a sheltered workshop, "reported using his weekends for laundry and grocery shopping[,] . . . attended [a recovery program] and other classes[,] . . . obtained Section 8 housing . . . became a citizen[,] . . . and [also] obtained a passport." *Id*. at 19.

Dr. Manov first saw Mr. Milcanovic in February 2007, and rendered his opinion in April 2010. In filing out the "Psychiatric Review Technique" form, Dr. Manov checked the box "that even a minimal increase in mental demands or change in the environment would be predicted to cause [Mr. Milcanovic] to decompensate." *Id*. Vol. IV at 936. After an extensive discussion of Dr. Manov's progress notes, the ALJ found the assessment was "based . . . on signs and symptoms that either are infrequently reflected in the record or are absent from the record since he began seeing [Mr. Milcanovic]." *Id*. Vol. I at 22. More specifically, the ALJ

found that although Mr. Milcanovic "was hospitalized before he began treatment . . . [he] has not been hospitalized since then. . . . [He] has continued to live alone, take care of his activities of daily living[,] . . . attend his medical appointments [and] . . . participate in . . . work. Thus, for all these reasons, Dr. Manov's assessment is not supported by the evidence." *Id*. at 23.

Collectively, this evidence supports the ALJ's finding that Mr. Milcanovic did not meet the "C" criteria, including the likelihood that even a minimal increase in mental demands or change in the environment would cause him to decompensate. Would it have been preferable for the ALJ to specifically mention § 12.03(c)(2) in the decision? Perhaps. But our task is limited to determining whether the ALJ's finding that Mr. Milcanovic did not meet the "C" criteria is supported by substantial evidence. We conclude it is. Moreover, "merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

III.

At step four of the five-step sequential evaluation process, the ALJ found Mr. Milcanovic could not perform his past relevant work, but he could find work in a clean, climate controlled environment, with low levels of stress, that required little concentration, memory, and English language skills. Mr. Milcanovic does not

challenge the sufficiency of the evidence to support these findings, but argues that the ALJ failed to consider whether he could *hold* any such job.

The linchpin of Mr. Milcanovic's argument is SSR 96-8p, 1996 WL 374184 (July 2, 1996). It provides: "Ordinarily, RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis . . . . A 'regular and continuing basis' means 8 hours a day for 5 days a week, or an equivalent work schedule." *Id.* at *2; *see also Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) ("[A] finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment [that accommodates his limitations]; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time").

This argument is unavailing because Mr. Milcanovic failed to meet his burden of establishing that his mental impairments prevented him from holding jobs with the limitations recognized by the ALJ. *See Lax*, 489 F.3d at 1084 ("The claimant bears the burden of establishing a prima facie case of disability at steps one through four." (internal quotation marks omitted)). For example, Mr. Milcanovic mentions two short-term jobs from which he was fired. However, nothing in the record suggests these jobs matched the limitations found by the ALJ and Mr. Milcanovic still could not perform them. To the contrary, Mr. Milcanovic lost one job because of his limited English language skills, which the ALJ addressed in his residual functional

capacity assessment, and it is unclear whether he was fired from the other job because he forgot a task or misunderstood his supervisor's instructions. In any event, there is no evidence that Mr. Milcanovic cannot perform a job with the limitations imposed by the ALJ on a regular and continuing basis.

IV.

The ALJ determined that Mr. Milcanovic's mental impairments could reasonably cause the symptoms he alleges, but also determined that his statements concerning the intensity, persistence, and limiting effects of some symptoms were exaggerated and therefore not credible. According to Mr. Milcanovic, the ALJ's adverse credibility determinations are not supported by substantial evidence. We disagree.

It is well-established that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation, brackets, and internal quotation marks omitted); *see* SSR 96-7p, 1996 WL 374186 (July 2, 1996) (same). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,] [and] requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

Our review of the record convinces us that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence. In particular, the ALJ gave numerous examples where Mr. Milcanovic's description of several symptoms, including memory, concentration, insomnia, lack of energy, problems with hygiene, voices, and isolation, was more severe, contradicted or missing from the record evidence. *See* Admin. R. Vol. I at 27-29. What Mr. Milcanovic is asking this court to do is "engage in an impermissible reweighing of the evidence and to substitute our judgment for that of the Commissioner." *Hackett*, 395 F.3d at 1173.

The judgment of the district court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge