FILED
United States Court of Appeals
Tenth Circuit

February 19, 2016

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

ERDAL ASLAN,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

     Defendant - Appellee.

No. 15-6096
(D.C. No. 5:13-CV01319-M)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Erdal Aslan applied for disability benefits, claiming that a car accident had left him disabled. An administrative law judge disagreed. At step three of the sequential process for evaluating disability claims, the ALJ found that Mr. Aslan's impairments did not meet or equal any of the listings for presumptive disability. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process). At step four, the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ALJ found that, given his residual functional capacity, Mr. Aslan was unable to perform his past relevant work. But at the fifth and final step, the ALJ employed the Medical-Vocational Guidelines (the "grids") to find that Mr. Aslan was not disabled. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 201.28, 201.29. Mr. Aslan appealed, but the Social Security Administration's Appeals Council denied review, and a district court later affirmed. Now before us, Mr. Aslan says there are three reasons why we must reverse.

First, he argues that the ALJ erred in failing to find him disabled at step three based on his spinal arachnoiditis and abnormal spinal curvature. At step three, the ALJ must consider and explain whether the claimant's condition meets or equals any of the listed impairments deemed presumptively disabling. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). In support of his position, Mr. Aslan directs us to Listing 1.04, which concerns certain disorders of the spine. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. The problem is that Mr. Aslan fails to direct our attention to any medical records confirming he suffers from spinal arachnoiditis. *See id.* § 1.00(K)(2)(b) ("[C]are must be taken to ensure that the diagnosis is documented as described in 1.04B."); *id.* § 1.04(B) (providing that spinal arachnoiditis must be "confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging"). Mr. Aslan also fails to cite any medical records showing that any curvature in his spine causes "impaired ambulation" or "adversely affect[s] functioning in body systems other than [his] musculoskeletal system." *Id.* § 1.00(L). Because Mr. Aslan fails to satisfy all of the criteria in these

2

two listings, he cannot prevail at step three as a matter of law.  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Second, Mr. Aslan argues that the ALJ's residual functional capacity determination is unsupported by substantial evidence.  In particular, he complains that the consultative examiner, Dr. Robin Hall, did not have his previous medical records when conducting his exam and that the ALJ accepted Dr. Hall's findings over those of other experts, including his treating physician, Dr. Jeri Ellis.  But Mr. Aslan does not indicate how any missing medical records would have affected Dr. Hall's analysis.  Neither does he identify any conflict between Dr. Hall's findings and those of any other physician, including Dr. Ellis.  For instance, Dr. Hall noted reduced ranges of motion in Mr. Aslan's back and right hip.  But Dr. Ellis also noted similar reduced ranges of motion.  Moreover, as the district court observed, Dr. Ellis's suggested work restrictions aligned "almost exactly" with the ALJ's residual functional capacity determination.  *See* R. vol. I, at 69. After examining the record, we conclude the ALJ's determination is neither "overwhelmed by other evidence in the record" nor a "mere conclusion."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (internal quotation mark omitted).

Finally, Mr. Aslan argues the ALJ erred at step five in relying on the grids — a set of rules that identify whether a claimant is disabled by comparing his personal characteristics to the criteria of specific rules — without consulting a vocational expert. The problem Mr. Aslan faces is that an ALJ may rely exclusively on the grids if the claimant "possesses [the] physical capacities equal to the strength requirements for *most* of the jobs" within a range of work, *e.g.*, sedentary work.  *Channel v. Heckler*, 747 F.2d

577, 580 (10th Cir. 1984) (per curiam). Nonexertional impairments, moreover, "preclude[] reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant." *Gossett v. Bowen*, 862 F.2d 802, 807-08 (10th Cir. 1988). Here, the ALJ concluded that Mr. Aslan could perform "a *very wide* range of semi-skilled, sedentary work." R. vol. II, at 26 (emphasis added). And after finding that Mr. Aslan's daily activities were inconsistent with his allegations of pain, migraines, and depression, *id.* at 28-29, the ALJ also concluded that Mr. Aslan's nonexertional impairments would "have little or no effect on" his ability to do sedentary work, *id.* at 31. We thus conclude that the ALJ did not err in relying on the grids at step five to find that Mr. Aslan was not disabled.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

4