FILED
United States Court of Appeals
Tenth Circuit

February 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DORIS TAYLOR, o/b/o N.A.T.,

    Plaintiff - Appellant,

v.

NANCY A. BERRYHILL,[*]
Acting Commissioner of Social Security
Administration,

    Defendant - Appellee.

No. 16-5046
(D.C. No. 4:14-CV-00464-JED-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Doris Taylor, on behalf of her minor granddaughter N.A.T., appeals the

Commissioner's denial of N.A.T.'s application for supplemental security income

benefits. She argues the ALJ erred in finding her testimony concerning N.A.T. less

than credible and in not finding N.A.T. has marked limitations in attending and

completing tasks. Because substantial evidence supports the agency's factual

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Nancy A. Berryhill is substituted for Carolyn Colvin as the Acting Commissioner of the Social Security Administration.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

findings and the agency applied the correct legal standards, we affirm. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (describing our review of the Commissioner's disability determinations).

## BACKGROUND

Taylor sought benefits for N.A.T. when N.A.T. was six years old and had completed first grade. Taylor claimed N.A.T. was disabled due to Attention Deficit Hyperactivity Disorder (ADHD) and behavioral problems. The Commissioner had denied an earlier application on N.A.T.'s behalf, so the relevant period for evaluating N.A.T.'s disability began on June 29, 2011.

A child is considered disabled if she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child claimant is disabled. 20 C.F.R. § 416.924(a); *Briggs*, 248 F.3d at 1237. The first step asks if the child is engaged in substantial gainful activity. If not, the next step is to determine if the child has an impairment or combination of impairments that is severe. If so, the third step asks if the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404. 20 C.F.R. § 416.924(a); *Briggs*, 248 F.3d at 1237. A child's impairment or combination of impairments functionally equals the listings and, thus, constitutes a disability, when it results in "marked" limitations in two domains or an "extreme" limitation in one domain, as described in

2

20 C.F.R. § 416.926a.  The Commissioner assesses how a child functions "'in terms of six domains: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [ones]self; and, (vi) Health and physical well-being.'" *Briggs*, 248 F.3d at 1238 (footnote omitted) (quoting 20 C.F.R. § 416.926a(b)(1)(i)-(vi)).

Here, the ALJ found at step two that N.A.T. had severe impairments of ADHD, behavioral problems, and language delay.  But the ALJ concluded at step three that none of N.A.T.'s impairments met or equaled a listing.  In considering the six domains, the ALJ found that N.A.T. had a marked limitation in only one domain: acquiring and using information.  The ALJ considered Taylor's testimony that N.A.T.'s impairments had worsened since her previously denied application for benefits, but found her testimony was not fully credible because it was inconsistent with the medical evidence and appeared to be exaggerated.  Thus, the ALJ found N.A.T. wasn't disabled at any time from June 29, 2011, through January 14, 2013, the date of the ALJ's decision.  The Appeals Council denied review, and the district court (adopting the report and recommendation of a magistrate judge) affirmed the denial of benefits.

## DISCUSSION

On appeal, Taylor argues the ALJ (1) failed to perform a proper credibility determination as to her testimony, and (2) erred in relying only on the evidence of one of N.A.T.'s teachers in determining N.A.T. had less than a marked limitation in acquiring and completing tasks.

3

Credibility Determination. Taylor testified that N.A.T.'s impairments worsened since her first application for benefits. She also testified that N.A.T. becomes angry; won't communicate; doesn't follow directions at school; and stomps her feet or crawls under a table when she doesn't get her way at school and home. She testified N.A.T. doesn't play well with others, is easily frustrated, and needs help with homework, cleaning her room, and being bathed. And according to Taylor, N.A.T.'s behavior continued to worsen even though she was on medication. The ALJ accurately described Taylor's testimony, but found her assertion that N.A.T.'s condition had worsened was not fully credible because it was inconsistent with the medical record.

The ALJ is best suited to assess credibility, and we will not disturb credibility findings that are supported by substantial evidence. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). Taylor argues the ALJ failed to closely and affirmatively link her adverse credibility finding to substantial evidence. *See Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1176 (10th Cir. 2014). But the ALJ did precisely that, citing specific evidence in the record that was inconsistent with Taylor's testimony. The ALJ noted that a pediatric physician at Oklahoma State University stated in 2011 that N.A.T.'s school progress had improved, her peer relationships were normal, and her behavior at home was adequate.[1] The ALJ also noted that Taylor told a physician in October 2012 that medication prescribed for N.A.T. seemed to help with school,

---

[1] The ALJ incorrectly identified the date of this report was September 15, 2011, but the medical record containing these findings is dated October 6, 2011. The

4

which was inconsistent with her testimony that N.A.T.'s behavior continued to worsen even with medication.

Taylor argues the ALJ ignored evidence that was consistent with her testimony. For example, she says the ALJ ignored evidence in the same 2011 Oklahoma State medical report that N.A.T. continued to have outbursts at school, and though N.A.T.'s behavior was noted to be improved, it was still described as inadequate at school. She also contends the ALJ ignored an October 2012 report describing N.A.T.'s oppositional behavior when she doesn't get her way and evidence from N.A.T.'s teacher that N.A.T. was sullen, loses her temper easily, is easily frustrated, and disturbs others. But Taylor's reliance on this evidence is misplaced. The ALJ didn't question the credibility of Taylor's testimony that N.A.T. has ADHD or behavioral issues; rather, the ALJ questioned Taylor's assertion that N.A.T.'s condition had worsened since the original benefits application.

Taylor also argues the ALJ ignored evidence that the Oklahoma State physician referred N.A.T. to a specialist, which she claims indicates N.A.T. wasn't improving. But that note indicates that the physician referred N.A.T. to a specialist because an ADHD testing questionnaire was inconclusive—not because N.A.T.'s condition had worsened. Thus, we conclude the evidence that Taylor claims the ALJ ignored doesn't contradict or overwhelm the substantial evidence in the record supporting the ALJ's credibility determination, and we find no legal error.

---

ALJ's incorrect date is a harmless mistake. "[C]ommon sense, not technical perfection, is [the] guide" of a reviewing court. *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

5

Attending and Completing Tasks.  The ALJ found that N.A.T. had marked limitations in acquiring and using information; less than marked limitations in attending and completing tasks, interacting and relating with others, and ability to care for herself; and no limitations in moving about and manipulating objects and health and physical well-being.  Taylor argues the ALJ's determination that N.A.T. had a less than marked limitation in attending and completing tasks is not supported by substantial evidence because the ALJ relied on only one piece of evidence, the report from N.A.T.'s special education teacher Faulk.  But this argument relies on a faulty description of the ALJ's decision.  True, in the ALJ's specific discussion of the attending-and-completing-task domain, the ALJ only referenced Faulk's evidence, but at the outset of her global discussion of all six domains, the ALJ discussed in detail all of the substantial evidence supporting her functionality and domain findings.  This detailed discussion included the evidence from multiple state agency experts who all concluded N.A.T. had a marked limitation only in acquiring and using information and less than marked or no limitations in the other five domains, including as relevant here, attending and completing tasks.

Taylor also argues that, notwithstanding Faulk's evidence that N.A.T. experiences only slight problems in nine of thirteen areas related to attending and completing tasks, the combination of at least some problem in all thirteen areas suggests a "cumulative impact greater than slight."  Opening Br. at 28.  But the ALJ wasn't tasked with determining whether N.A.T. experienced a "greater than slight"

6

impact.  Rather, the ALJ was required to determine whether N.A.T. has marked or extreme limitations.

Taylor also points to evidence that N.A.T. sometimes sat under her desk and refused to work as evidence that N.A.T. had a marked limitation in attending and completing tasks.  But the record doesn't contain any evidence indicating that this behavior occurred with such frequency as to seriously interfere with N.A.T.'s ability to attend to and complete tasks.  20 C.F.R. § 416.926a(e)(2)(i) (defining a "marked" limitation as when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities").  Taylor essentially asks this court to reweigh the evidence, which we cannot do.  *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) ("We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." (citation and internal quotation marks omitted)).

Finally, Taylor argues the ALJ erred by not addressing the report from N.A.T.'s first grade teacher Kovin that N.A.T. often or very often experienced difficulty with attention and task completion.  Taylor notes the report is undated, but suggests Kovin completed it in April 2012 while the Commissioner says Kovin completed the report in August 2011.  In any event, we agree with the district court that regardless of its completion date, the report related to N.A.T.'s performance in first grade, which was prior to N.A.T.'s June 29, 2011 benefit application date, and thus was outside the relevant disability period.  We are aware that the ALJ could

7

have considered evidence from a time preceding the relevant period if it shed light on the nature and severity of N.A.T.'s condition during the relevant time period. But even if we assume Kovin's report sheds light on N.A.T.'s condition, the ALJ stated she considered all of the evidence in the record, including that not specifically cited in her decision. We have repeatedly held that while an ALJ must consider all of the evidence in the record, nothing requires the discussion of every piece of evidence. *See, e.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). Thus, we conclude the ALJ appropriately focused her discussion on the evidence during the relevant period, and did not err in omitting any explicit discussion of Kovin's report.

The ALJ's determination that N.A.T. has less than marked limitations in attending and completing tasks is supported by substantial evidence and we find no legal error.

Affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge