FILED
United States Court of Appeals
Tenth Circuit

February 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LIZA BUTLER,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant-Appellee.

No. 10-5059
(D.C. No. 4:08-CV-00597-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Liza A. Butler appeals the district court's affirmance of the

Commissioner's denial of her applications for Social Security disability and

supplemental security income benefits. Exercising jurisdiction under 28 U.S.C.

§ 1291 and 42 U.S.C. § 405(g), we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

Ms. Butler was 51 years old at the time of the Commissioner's final decision. She has a high school education and attended college for one year. She has worked as a secretary, janitor, and cashier. She filed for benefits on November 29, 2004, alleging she became unable to work on December 26, 2002, due to high blood pressure and "bad nerves," Aplt. App., Vol. 1 at 128. She later amended her onset date to May 1, 2003. An administrative law judge (ALJ) denied her applications on June 23, 2006. On administrative review, however, the Appeals Council vacated the ALJ's decision and remanded the matter. On remand the ALJ accepted additional evidence and conducted a supplemental hearing. At the March 25, 2008, supplemental hearing, Ms. Butler testified that the medications she takes for her blood pressure, anxiety, and depression "slow[] [her] down," *id.*, Vol. 2 at 436, cause her to have difficulty remembering, and make her "tired . . ., so it's really hard to function," *id.* at 437.

On April 11, 2008, the ALJ concluded at step five of the familiar five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Ms. Butler was not disabled. At step one, he found she had not engaged in substantial gainful activity since her amended alleged onset date. At steps two and three, he found she had severe impairments (hypertension, status post left breast lumpectomy, anxiety disorder, depression, and history of

substance abuse), but that her impairments did not meet or medically equal one of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Next, the ALJ acknowledged Ms. Butler's "medically determinable impairments could reasonably be expected to produce the . . . symptoms" she alleged. Aplt. App., Vol. 1 at 73. But he found her "statements concerning the intensity, persistence and limiting effects of these symptoms . . . not credible to the extent they [were] inconsistent with [her] residual functional capacity [RFC] assessment." *Id.* And, he assessed her as having retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following nonexertional limitations: "she is able to perform simple, unskilled work, can relate to co-workers and supervisors for work related purposes, can adapt to work situations, and minimal contact with the general public." Aplt. App., Vol. 1 at 72. Although this RFC did not, at step four, allow Ms. Butler to return to her past relevant work—all of which was skilled or semi-skilled—a vocational expert (VE) testified that there were jobs in the national economy that Ms. Butler could perform. At step five the ALJ, taking into account the VE's testimony, concluded that Ms. Butler was not disabled because, considering her age, education, work experience, and RFC, she could perform other work available in the national economy.

The Appeals Council denied review and the district court, with a magistrate judge presiding by consent of the parties, 28 U.S.C. § 636(c), affirmed.

Ms. Butler now appeals to this court, "only address[ing]" her "mental limitations." Aplt. Br. at 11.

## II.

Employing a de novo standard of review, "we independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (internal quotation marks omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Id.* (internal quotation marks omitted).

Ms. Butler contends the ALJ erred by failing to discuss or analyze three records from Grand Lake Mental Health Center (Grand Lake).[1] Specifically, she argues the ALJ erroneously ignored relevant global assessment of functioning

---

[1]    She no longer challenges the ALJ's credibility determination and therefore has forfeited appellate consideration of it. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Similarly, we note that Ms. Butler's counseled appellate brief makes no mention of the "'treating-physician rule,'" *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); thus, to the extent she may have tried to invoke it, *see, e.g.*, Aplt. Br. at 16, her attempt was deficient. *Bronson*, 500 F.3d at 1104 ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

(GAF) scores of 44, 45, and 46,[2] contained in two Grand Lake records created by mental health counselors there.[3] She also contends the ALJ erroneously ignored the statement of Dr. Mallgren, Grand Lake's physician responsible for managing Ms. Butler's medication, that she "meet[s] [the] criteria for [a] major depressive diagnosis and . . . qualif[ies] for social security disability." Aplt. App., Vol. 2 at 276. We discern no reversible error for the reasons set forth below.

We begin by noting that in his decision, the ALJ gave great weight to the opinion of consultative examiner Dr. Gordon, a psychologist, who reviewed Ms. Butler's medical records, examined her, and drafted a Psychological Evaluation. Among the records Dr. Gordon summarized in his five page single-spaced Evaluation is the very October 18, 2005, Grand Lake record that Ms. Butler claims the ALJ ignored. *Id.* at 367. Admittedly, the ALJ did not explicitly discuss the October 18 GAF scores, but he considered the Psychological Evaluation and it essentially quoted the scores. *See id.*; *Cf. Clifton v. Chater*,

---

[2]     "The GAF is a subjective determination based on a scale of 1 to 100 of 'the clinician's judgment of the individual's overall level of functioning.'" *Pisciotta v. Astrue*, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007) (quoting Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 32).

[3]     One Grand Lake record, dated October 18, 2005, reflects Ms. Butler's then-current GAF score was 44 and her highest level in the past year was 46. Aplt. App., Vol. 2 at 259; *id.* at 270 (same). The other Grand Lake record, dated December 20, 2007, reflects her then-current GAF score was 45 and her highest level in the past year was 45. *Id.* at 382. A GAF score of 44, 45, or 46 can indicate serious functional impairments. *See Pisciotta*, 500 F.3d at 1076 n.1.

79 F.3d 1007, 1009-10 (10th Cir. 1996) (stating that "[t]he record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence").

Likewise, the ALJ did not reference the December 20, 2007, GAF scores or Grand Lake physician Dr. Mallgren's "major depressive diagnosis" and conclusion that Ms. Butler qualifies for benefits. Aplt. App., Vol. 2 at 276. But it appears the ALJ, here too, considered that evidence. *See Clifton*, 79 F.3d at 1009. He specifically noted that Dr. Gordon, upon whom he relied, had "review[ed] evaluations by . . . Grand Lake Mental Health Center," Aplt. App., Vol. 1 at 74, and that he (the ALJ) had carefully considered all of the record evidence, *see id.* at 69, 73. *See Hackett*, 395 F.3d at 1173 ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter.").

Further, "[t]he ALJ is not required to discuss every piece of evidence." *Wall*, 561 F.3d at 1067 (internal quotation marks omitted); *accord Clifton*, 79 F.3d at 1009-10. He must discuss the evidence supporting his decision, and in addition he "must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence he rejects." *Clifton*, 79 F.3d at 1010.

Here, the GAF scores at issue were not *un*controverted. Dr. Gordon, an acceptable medical source, assessed Ms. Butler with a GAF score of 70. And the

ALJ made reference to that GAF score in his decision.  The ALJ also found

Ms. Butler not entirely credible and noted malingering.  The record evidence

bears this out.  *See, e.g*, Aplt. App., Vol. 2 at 233 (opinion of Dr. Lowe, a

consultative psychiatric examiner, that Ms. Butler was "[m]alingering to some

extent to obtain benefits"); *id.* at 242 (opinion of Dr. LeBlanc, contained in a

Psychiatric Review Technique form, that Ms. Butler is able to do all activities of

daily living and that her "allegation that 'bad nerves' cause her to tire easily is

not supported by the medical evidence").[4]  And, because the GAF scores at issue

were not linked to any work-related limitations, they are not particularly helpful.

In other words, as even Ms. Butler concedes, a low GAF score does not alone

determine disability, Aplt. Br. at 13-14; rather, it is a piece of evidence to be

considered with the rest of the record.  *See Howard v. Comm'r of Soc. Sec.*,

276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable

help to the ALJ in formulating the RFC, it is not essential to the RFC's

accuracy.").  Thus, although the ALJ did not specifically reference the GAF

scores at issue, it seems clear that he considered them.

Finally, Dr. Mallgren's statement that Ms. Butler meets the criteria for a

major depressive diagnosis and qualifies for social security disability is neither

---

[4]     We note that the ALJ specifically mentioned that Dr. Gordon, upon whom the ALJ relied, had reviewed evaluations by Dr. Lowe and Dr. LeBlanc, and that Dr. Gordon had summarized those physicians' opinions in his Psychological Evaluation.

uncontroverted nor significantly probative. *See, e.g.*, Aplt. App., Vol. 2 at 240 (Dr. LeBlanc's Psychiatric Review Technique form rating Ms. Butler's degree of functional limitation as no more than "mild" in four areas, *see supra* n.4); Aplt. Br. at 15 (Ms. Butler's acknowledgment that Dr. Mallgren's statement is "conclusory" and contains "an opinion on an issue reserved to the Commissioner" (citing SSR 96-5p, 1996 WL 374183, at *2)). Indeed, Ms. Butler makes little, if any, effort to demonstrate as much. Instead she argues "that the combination of Dr. Mellgren's [sic] opinion that Butler met the criteria for depressive disorder and qualified for social security benefits and the relevant GAF scores meet the required criteria." Aplt. Br. at 14. While certainly not clear, we presume her argument is that Dr. Mallgren's opinion and the GAF scores, combined, demonstrate that she is disabled. But she did not raise this particular argument in the district court, *see* Aplt. App., Vol. 1 at 15-21, and we generally decline to consider arguments made for the first time on appeal. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). In any event, this argument is "perfunctory" and therefore insufficient "to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

## III.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge